FILED

JUN 03 1996

Clerk, U.S. Dist. Court
By _____ Deputy

# W96CA221

**FORM FOR USE IN APPLICATIONS**

**FOR MOTIONS UNDER 28 U.S.C. § 2255**


JON HAROLD ROYAL
PRISON NUMBER 26464079
FEDERAL PENITENTIARY
TERRE HAUTE, INDIANA 47808


UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS


CASE NO. CR NO. W-90-CR-104


UNITED STATES

V.

JON HAROLD ROYAL

94

**MOTION**

1.  Name and location of court which entered the judgment of conviction under attack: U. S. District Court for the Western District of Texas, Waco, Division

2.  Date of judgment of conviction:   August 16, 1991

3.  Length of sentence: 360 months imprisonment
    Sentencing Judge:   Walter S. Smith

4.  Nature of offense or offenses for which you were convicted: Conspiracy to possess with intent to distribute cocaine.

5.  What was your plea?  (check one)
    (a)  Not guilty     ( X )
    (b)  Guilty         (   )
    (c)  Nolo Contendere(   )
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:  N/A

6.  Kind of trial:  (check one)
    (a)  Jury        ( X )
    (b)  Judge only(    )

7.  Did you testify at the trial? Yes

8.  Did you appeal from the judgment of conviction?    Yes

9.  If you did appeal, answer the following:
    (a)  Name of Court: U.S. Court of Appeals for the Fifth
                               Circuit
    (b)  Result:   Affirmed
    (c)  Date of Result:      September 8, 1992

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? No

1

275

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Nature of proceeding:    N/A
        (3) Grounds raised:    N/A

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, <u>you should raise in this motion all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.
    (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
    (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
    (e) Conviction obtained by a violation of the privilege against self-incrimination.
    (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
    (g) Conviction obtained by a violation of the protection against doubly jeopardy.
    (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
    (i) Denial of effective assistance of counsel.
    (j) Denial of right of appeal.
        NOTE: If Movant asserts denial of effective assistance of counsel (ground "i"), he <u>must</u> describe

2

276

with particularity the factual basis for his claim (e.g., lawyer failed to raise insanity defense), and he must describe the prejudice allegedly suffered as a result of the denial of effective assistance of counsel (e.g., convicted of crime that Movant lacked the mental capacity to commit).

A.   Ground One:   Ineffective Counsel in violation of Petitioner's right to counsel under the Sixth Amendment to the Constitution of the United States.
Supporting Facts (tell your story briefly without citing cases or law):   (a)  The Government prosecutor, through my attorney Chris Flood, offered me, JON ROYAL, a plea bargain wherein, in return for my cooperation, the Government would recommend a sentence of 15 months confinement for a post-guidelines offense and not prosecute me on any other charges.  Said Government prosecutor stated at the time of said offer that such offer would be extended for only three days thereafter.  I asked my said attorney to come to waco to talk with me about the offer or get me permission to come to Houston to discuss it.  He told me he would get me permission to come to Houston to see what evidence was against me and discuss the offer but he never did so.  I wanted to accept said offer and would have done so if my said attorney, Chris Flood, had not told me that he would not represent me if I agreed to cooperate with the Government.  Since I did not think I had the money necessary to employ another attorney I failed to accept said offer within the three day period of its existence.  My attorney never advised me that if convicted I might face a life sentence.  At all times prior to my sentence, I was told by and was caused to believe by my said attorney that if I was convicted I would face a maximum 20 year sentence.  For additional facts see Exhibit A, attached hereto and incorporated herein.

B.   Ground Two:   Admission, over objection, of testimony that Petitioner committed a murder in violation of Petitioner's constitutional rights to a grand jury charge and due process.
Supporting Facts (tell your story briefly without citing cases or law):   Admission in evidence, over defense objection, testimony that the Petitioner sold some cocaine when there was something wrong with it to Geno Hernandez who thereafter died from said cocaine constituted trial of the Defendant in the minds of the jury for the offense of murder in violation of the Petitioner's right under the Fifth Amendment to the Constitution of the United States to not be held to

3

answer for a capital, or infamous crime, unless on a presentment or indictment of a grand jury. Said proof was also so violative of fundamental fairness as to constitute a violation of Petitioner's Fifth Amendment right to due process of law.

C.  Ground Three: <u>Admission, over objection, of illegally obtained evidence in violation of the Fourth Amendment to the United States Constitution.</u>
Supporting Facts (tell your story briefly without citing cases or law): The overruling of Petitioner's Motion to Suppress and admitting in evidence, over objection, plastic bags and scales found in Defendant's house violated the Fourth Amendment to the Constitution of the United States for the reason that same were obtained by an unreasonable, illegal seizure of such items. Said plastic bags and scales were described in the affidavit for and search warrant as "matter used in the packaging, cutting, weighing and distributing of illegal controlled substances". The nearest time to the warrant issuance that Petitioner was alleged in said affidavit to have even possessed any controlled substance was almost two years prior to issuance of the search warrant, rendering stale the facts alleged in said affidavit. The warrant showed on its face that it was obtained <u>after review by the Assistant United States Attorney, after indictment, who was prosecuting the case for which the evidence was sought</u>. Thus, the good faith exception cannot ameliorate the flagrant Fourth Amendment violation herein because said exception extends only to a layman officer and does not extend to the actions of the <u>United States Attorney seeking evidence in a case he is then prosecuting</u> for the reason that he is conclusively presumed to know the law.

D.  Ground Four: <u>The sentence of the Petitioner to 30 years confinement under the guidelines, although the statutory maximum under the allegations of the indictment was 20 years renders the sentence void to the extent it exceeds 20 years confinement.</u>
Supporting Facts (tell your story briefly without citing cases or law): Though the <u>quantity of drugs used to fix punishment under the guidelines</u> is not limited by the quantity alleged in the indictment, the sentence fixed by the guidelines <u>cannot exceed the statutory maximum Congress fixed for the acts alleged in the indictment</u>. This principle, pronounced by the Supreme Court of the United States, in <u>Mistretta v. U.S.</u>, 109 S.Ct. 647, 656, 664, was violated to the extent of 1/3 of the sentenced assessed.

4

<u>278</u>

E.   Ground Five:   <u>Petitioner was sentenced upon a misconception by the Trial Court as to the maximum sentence.</u>
Supporting Facts (tell your story briefly without citing cases or law):   This Honorable Court in sentencing the Defendant herein, acted under the mistaken belief that the maximum sentence was life imprisonment (see judgment page 5 and PSR page 14).   At the time of sentencing Defendant he was 37 years of age with a life expectancy of approximately 31 years. Thus, the number of years which Defendant was sentenced was a little less than his actual life expectancy.   The PSR and this Honorable Court mistakenly considered the maximum to be life imprisonment by reason of a motion to enhance sentence filed by the United States Attorney for the first time <u>after Petitioner's conviction.</u>   Said enhancement is void for lack of due process in that notice to Petitioner of such intended enhancement was not given until <u>after his conviction.</u>   Obviously, if proper notice of said enhancement had been given the plea bargain offer would have been instantly accepted by Petitioner.   Also, if the Trial Court had known the true maximum, his sentence would likely been lesser.

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented, state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: 12A(a) Denial of benefit of plea bargain that no sane competent lawyer would have failed to demand his client accept was not of record on appeal.

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? No

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a)   At preliminary hearing:  Mike DeGuerin
(b)   At arraignment and plea: Chris Flood
(c)   At trial: Chris Flood
(d)   At sentencing: Joe Layman
(e)   On appeal:     W. V. Dunnam, Jr.
(f)   In any post-conviction proceeding: This by W. V. Dunnam, Jr.
(g)   On appeal from any adverse ruling in a post-conviction proceeding:     None

5

279

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     No


17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?     No
    (a) If so, give name and location of court which imposed sentence to be served in the future:
    (b) And give date and length of sentence to be served in future:
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?


   Wherefore, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____May 26, 1996_____.

_Jon Harold Royal_
JON HAROLD ROYAL

May 26, 1996
Michael A Lowery
Vigo County
Commission Expi.
October 31, 1999

**6**

280

## EXHIBIT A

The indictment simply alleged that Petitioner and other persons to the grand jury known and unknown conspired to possess a quantity of cocaine. Thus, the prosecutor had a blank check to prove up any agreement by Petitioner with any person to commit the alleged offense on any occasion. Any competent counsel would have had to have known that the Court's charge would follow the indictment and also constitute a blank check to the jury to convict Appellant of any conspiracy as to any cocaine transaction had by him in the past, regardless whether it was the same transaction upon which the grand jury returned the indictment. Notwithstanding, Appellant's attorney failed to move to dismiss for uncertainty or move for a bill of particular as to whom was intended to be the persons known to the grand jury. The Court's charge did follow said indictment and under said charge there is no way to tell which other numerous drug transactions, which might have been deemed a conspiracy by the jury, was actually found to have been proved beyond a reasonable doubt.

Evidence showed separate conspiracies in 1983, 1984 and 1985 which were barred by the statute of limitations, but trial counsel failed to object to the failure of the Court's charge to limit the right to convict to a conspiracy entered into within the period not barred by the statute of limitations. The Defendant admitted on the stand to numerous drug transactions involving himself and others in 1983, 1984 and 1985. An ordinary jury would have been compelled to find the Defendant guilty without such a limiting instruction.

Said trial counsel failed to move for a mistrial or even object to proof by the Government that Defendant was guilty of "loansharking" prior to his arrest on May 25, 1985 and that such "loansharking" was a felony offense. This was highly prejudicial proof of a crime and acts condemned even by the Bible in Exodus 22(25), Ezekiel 22(12) and Deuteronomy 23(19). Permitting proof that the Petitioner committed wholly unrelated crimes condemned by law and by the Bible could hardly be defense strategy.

Without making any objection thereto, trial counsel permitted the Government to prove that in 1977, approximately 13 years before the return of the indictment herein, Petitioner engaged in the business of selling quaaludes and methamphetamine. This could hardly be considered as trial strategy designed to somehow endear the Defendant to the jury.

281